# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**BETTY LOPEZ FIGUEROA**                                                  **PLAINTIFF**

V.                              4:19CV00540 JM

**FAULKNER COUNTY SHERIFF'S OFFICE;**
**DEPUTY KENNETH R. HOLLIS, JR. and**
**DEPUTY ROBERT HENSLEY**                                                  **DEFENDANTS**

## ORDER

Pending before this Court is the Plaintiff's motion to proceed *in forma pauperis* and amended complaint. On August 20, 2019, the Court ordered Plaintiff to file an amended complaint because it was unclear whether she had stated a claim within this Court's jurisdiction. Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or it fails to state a claim upon which relief can be granted.

On September 4, 2019, Plaintiff filed an amended complaint. In it, she alleges that she called 9-1-1 because a man was shooting at her. The police responded and took false statements from witnesses stating that Plaintiff had fired the gun. While he was present at Plaintiff's house, Deputy Hollis asked Plaintiff if her dogs had their rabies shots and tags. She stated that her dogs were too young for a rabies shot. Plaintiff alleges that Deputy Hollis told her he was writing her a ticket for violation of the rabies ordinance. Plaintiff asked Deputy Hollis who was in charge. He told her he was in charge. Plaintiff commented, "You won't be Monday night?" Deputy Hollis took Plaintiff's statement as a threat. Plaintiff alleges that Deputy Hollis handcuffed her and took her to his police car which was parked on the street in front of the neighbor's home who

shot at her. At some point while Plaintiff was getting into the police car, Plaintiff alleges that she felt a sharp pain at the top of her head. She contends that she fell to the ground. Emergency medical personnel were dispatched. Plaintiff alleges that a MEMS employee checked her vital signs and commented that her blood pressure was elevated. According to Plaintiff, the MEMS employee asked her if she took medication and if she had seizures. Plaintiff confirmed that she suffered from seizures. Plaintiff alleges that Deputy Hollis accused her of faking a seizure and told her that he was taking her to jail. Plaintiff claims that people made false statements against her and the officers allowed it. She claims that she filed several police reports regarding the people, but officers did not take any action against anyone, except her. Plaintiff claims she has recordings of her reports to FCSO. She claims she must record them because FCSO misrepresents her reports. (Amended Complaint, ECF No. 7). Plaintiff includes several Amendments to the Constitution at the end of her amended complaint.

The decision of whether a complaint is frivolous or malicious precedes the decision of whether to grant *in forma pauperis* status and whether to order service of process. *See Carney v. Houston* 33 F.3d 893, 895 (8th Cir. 1994) (citing *Gentile v. Missouri Dept. Of Corrections*, 986 F.2d 214 (8th Cir. 1993)). "If the complaint is frivolous or malicious, the district court should dismiss it out of hand." *Id*. A complaint is frivolous where it lacks an arguable basis in either law or fact. *See Neitzke v. Williams,* 490 U.S. 319, 325-27 (1989). A claim is frivolous if it "describ[es] fantastic or delusional scenarios," the factual contentions are "clearly baseless," or there is no rational basis in law. *Neitzke v. Williams,* 490 U.S. 319, 327-29 (1989). A court may dismiss such a complaint before service of process and without leave to amend. *Christiansen v. Clarke,* 147 F.3d 655, 658 (8th Cir. 1998), *cert. denied,* 525 U.S. 1023 (1998). *See also Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001), *cert. denied sub nom. Early v. Harmon,* 535 U.S.

1040 (2002).

"A pro se plaintiff must set forth enough factual allegations to 'nudge[ ] their claims across the line from conceivable to plausible,' or 'their complaint must be dismissed' for failing to state a claim upon which relief can be granted.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing *pro se*, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). After reviewing Plaintiff's *pro se* amended complaint, the Court finds that it should be, and hereby is, dismissed *sua sponte*. The amended complaint does not state a claim and there is no basis for jurisdiction in this Court.

Plaintiff's amended complaint (ECF No. 7) is dismissed without prejudice. The motion to proceed *in forma* pauperis (ECF No. 1) is moot. The Clerk is directed to close the case.

IT IS SO ORDERED this 18th day of September 2019.

_____
James M. Moody Jr
United States District Judge